UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| NATHAN CARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:11-cv-528 |
| | ) | |
| GC SERVICES LP, | ) | |
| DLS ENTERPRISES, INC, and | ) | |
| GC FINANCIAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; New Hampshire's Regulation of Business Practices for Consumer Protection, NH RSA 358-A; and New Hampshire Unfair, Deceptive or Unreasonable Collection Practices, NH RSA 358-C.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and district, and where Defendants transact business in this State and this district.

### PARTIES

4.     Plaintiff, Nathan Carrell ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Hampshire, County of Rockingham, and City of Derry.

1

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.H. Rev. Stat. Ann § 358-C:1(I) and a "debtor" as defined by N.H.   Rev. Stat. Ann. § 358-c:1(VII).

6.     Defendant, GC Services Limited Partnership ("GC Services") is a foreign limited partnership formed under the laws of Delaware.  GC Services is registered to do, and doing, business in this district.  GC Services' principal office and place of business is situated at 6330 Gulfton St., Houston, TX 77081-1108.  GC Services is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. Ann. § 358-C:1(III).  GC Services may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

7.     GC Services is the largest private collection agency in North America, operating thirty-six (36) offices, employing more than 10,000 individuals, and managing over 8.5 million open third-party debt collection accounts.

8.     Defendant GC Financial Corp. ("GC Financial") is a foreign for-profit corporation and the general partner of GC Services Limited Partnership.  GC Financial is registered to do, and doing, business in this district.  GC Financial's principal office and principal place of business is situated at 6330 Gulfton St., Houston, TX 77081.  GC Financial may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

9.     Defendant DLS Enterprises, Inc. ("DLS"), doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and the general partner of GC Services.  DLS is registered to do, and doing, business in this district.  DLS's principal place of business and principal office is situated at 6330 Gulfton St., Houston, TX 77081.  DLS may

be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

      10.     GC Financial and DLS shall be referred to hereafter as the "General Partners."

      11.     Under Delaware partnership law and the Uniform Limited Partnership Act §403 (amended 1985), the General Partners are vicariously liable for the acts of GC Services, the limited partnership. Delaware partnership law provides that "all partners are liable . . . [j]ointly and severally for everything chargeable to the partnership. . . ." Del. Code. Ann. tit. 6, §1515(a). GC Services mails hundreds of thousands of collection letters and places hundreds of thousands of collection telephone calls per month in its third party collection program, which is clearly within the scope the partnership's business. Accordingly, the General Partners are jointly and severally liable for the acts and omissions of GC Services out of which Plaintiff's claims arise. *See e.g. Randle v. GC Services, LP*, 25 F.Supp.2d 849, 851-52 (finding that the general partners of GC Services Limited Partnership — GC Financial Corp., and DLS Enterprises, Inc., are vicariously liable for the acts of GC Services under general principles of partnership law and Delaware partnership law). *See also Peters v. AT&T Corp.*, 43 F.Supp.2d. 926, 929 (N.D. Ill. 1999) (same).

      12.     Accordingly, GC Services, GC Financial, and DLS are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. Ann. § 358-C:1(VIII) and "persons" as defined by N.H. Rev. Stat. Ann. § 358-C:1(X).

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS.

14.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

15.     Plaintiff's alleged obligation arises from a personal student loan allegedly owed by Plaintiff.

16.     GC Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17.     In connection with collection of an alleged debt in default, GC Services sent Plaintiff an initial written correspondence dated May 16, 2011.

18.     GC Services placed a telephone call to Plaintiff's place of employment on or about May 19, 2011, and at such time, GC Services threatened to garnish Plaintiff's next paycheck unless Plaintiff agreed to a nine month payment plan that day.  Plaintiff told GC Services that he could not afford the nine month payment plan as propounded by GC Services.

19.     Plaintiff sent GC Services a request for validation letter via certified mail, which GC Services received on June 3, 2011 at 10:20 A.M.

20.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M., and at such time, left a voicemail message stating:

> "Hi, Nathan.  This is Randy Gevermule.  Um.  If you could give me a call back at 1-800-504-0227.  I did try and help you and hold off until this moment to try and help you, but I do need you to return my call today at 1-800-504-0227. Uh, Mr. Carrell, you can call me no later than 9:00 p.m. this evening. Good luck guy.  Hi. Set up the garnishment if he doesn't call back before 9:00 tonight. Send the garnishment to Arkansas."

21.     The voicemail message left by GC Services on June 7, 2011 at 3:05 P.M. failed to disclose GC Services' true corporate and/or business name.

22.     The voicemail message left by GC Services on June 7, 2011 at 3:05 P.M. further failed to notify Plaintiff that the communication was from a debt collector.

23.     In the voicemail message of June 7, 2011 at 3:05 P.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

  a.   "I do need you to return my call today";

  b.   "you can call me no later than 9:00 p.m. this evening"; and

  c.   "Set up the garnishment if he doesn't call back before 9:00 tonight."

24.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 7, 2011 at 7:51 P.M., and at such time, left a voicemail message stating:

> "This message is for Nathan.  This is Lisa Chavez.  I need you to return my phone call.  My number's toll-free.  It's 1-800-504-0227 x 4719."

25.    The voicemail message left by GC Services on June 7, 2011 at 7:51 P.M. failed to disclose GC Services' true corporate and/or business name.

26.    The voicemail message left by GC Services on June 7, 2011 at 7:51 P.M. further failed to notify Plaintiff that the communication was from a debt collector.

27.    Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Nathan Carrell.  This is Lisa Chavez.  I was giving you a courtesy call.  I need to hear from you before the 17th of June 2011.  My number's 1-800-504-0227 x 4719 in regards to case, US630526.  Unfortunately, I will not be able to help you after that deadline.  Thank you."

28.    The voicemail message left by GC Services on June 10, 2011 at 10:19 A.M. failed to disclose GC Services' true corporate and/or business name.

29.    The voicemail message left by GC Services on June 10, 2011 at 10:19 A.M. further failed to notify Plaintiff that the communication was from a debt collector.

30.    In the voicemail message of June 10, 2011 at 10:19 A.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

a.    "I need to hear from you before the 17th of June 2011"; and

b.    "Unfortunately, I will not be able to help you after that deadline."

31.    Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 15, 2011 at 4:09 P.M., and at such time, left a voicemail message stating:

> "[typing]  This message is for Nathan Carrell.  This is Mrs. Chavez.  We spoke with you a couple of weeks ago.  Keep in mind

that you have to give us a return phone call.  Our number here is 1-800-504-0277 x. 4719.  It's in regards to case number, US630526."

32.    The voicemail message left by GC Services on June 15, 2011 at 4:09 P.M. failed to disclose GC Services' true corporate and/or business name.

33.    The voicemail message left by GC Services on June 15, 2011 at 4:09 P.M. further failed to notify Plaintiff that the communication was from a debt collector.

34.    Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.  We have left a message with your corporate office, payroll.  I don't know if you got it yet, but we need to hear from you before the 26th of June 2011.  I can't really help you if you call after that.  Um, Your case number is US630526.  My number's 1-800-504-0277 x. 4719."

35.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

36.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. further failed to notify Plaintiff that the communication was from a debt collector.

37.    In the voicemail message of June 21, 2011 at 7:11 P.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

    a.    "I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.";

    b.    "We have left a message with your corporate office, payroll.";

     c.   "I don't know if you got it yet, but we need to hear from you before the 26th of June 2011."; and

     d.   "I can't really help you if you call after that."

38.    Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M., and at such time, left a voicemail message stating:

> "Hi. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. I left you a message last week. Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time. My number's 1-800-504-0277 x. 4719, in regards to reference number US630526."

39.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

40.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. further failed to notify Plaintiff that the communication was from a debt collector.

41.    In the voicemail message of June 25, 2011, GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

     a.   "I left you a message last week. Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time."

42.    Despite receipt of Plaintiff's request for validation, Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M., and at such time, left a voicemail message stating:

> "Good morning. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. It looks like we spoke about, I would say about, 5 weeks ago. Keep in mind that your deadline is coming up. We have tried to leave, um, messages at your employer. I just want

> you to understand that, um, the payments that we had discussed.
> You will no longer get them.  You did not call in in time. So.  You
> have to call in as soon as possible to see what it is that you can
> qualify for.  And, make sure you do it before your deadline.  The
> number is 1-800-504-0277 extension 4719 in regards to case
> number US630526."

43.     The voicemail message left by GC Services on June 29, 2011 at 8:35 A.M. failed to disclose GC Services' true corporate and/or business name.

44.     The voicemail message left by GC Services on June 29, 2011 at 8:35 A.M. further failed to notify Plaintiff that the communication was from a debt collector.

45.     In the voicemail message of June 29, 2011, GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

    a.   "Keep in mind that your deadline is coming up.";

    b.   "We have tried to leave, um, messages at your employer.";

    c.   "I just want you to understand that, um, the payments that we had discussed. You
         will no longer get them.";

    d.   "You did not call in in time.";

    e.   "You have to call in as soon as possible to see what it is that you can qualify for.";
         and

    f.   "And, make sure you do it before your deadline."

46.     GC Service' actions constitute conduct highly offensive to a reasonable person, and as a result of GC Services' behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION**

## PRACTICES ACT § 1692d(6)

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

48.     15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

49.     "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.  *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

50.     A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt."  *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

51.     "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'"  *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

52.     GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M., and at such time, left a voicemail message stating:

> "Hi, Nathan.  This is Randy Gevermule.  Um.  If you could give me a call back at 1-800-504-0227.  I did try and help you and hold off until this moment to try and help you, but I do need you to return my call today at 1-800-504-0227. Uh, Mr. Carrell, you can call me no later than 9:00 p.m. this evening. Good luck guy.  Hi. Set up the garnishment if he doesn't call back before 9:00 tonight. Send the garnishment to Arkansas."

53.     The voicemail message left by GC Services on June 7, 2011 at 3:05 P.M. failed to disclose GC Services' true corporate and/or business name.

54.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 7, 2011 at 7:51 P.M., and at such time, left a voicemail message stating:

> "This message is for Nathan.  This is Lisa Chavez.  I need you to return my phone call.  My number's toll-free.  It's 1-800-504-0227 x 4719."

55.     The voicemail message left by GC Services on June 7, 2011 at 7:51 P.M. failed to disclose GC Services' true corporate and/or business name.

56.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Nathan Carrell.  This is Lisa Chavez.  I was giving you a courtesy call.  I need to hear from you before the 17th of June 2011.  My number's 1-800-504-0227 x 4719 in regards to case, US630526.  Unfortunately, I will not be able to help you after that deadline.  Thank you."

57.     The voicemail message left by GC Services on June 10, 2011 at 10:19 A.M. failed to disclose GC Services' true corporate and/or business name.

58.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 15, 2011 at 4:09 P.M., and at such time, left a voicemail message stating:

> "[typing]  This message is for Nathan Carrell.  This is Mrs. Chavez.  We spoke with you a couple of weeks ago.  Keep in mind that you have to give us a return phone call.  Our number here is 1-800-504-0277 x. 4719.  It's in regards to case number, US630526."

59.     The voicemail message left by GC Services on June 15, 2011 at 4:09 P.M. failed to disclose GC Services' true corporate and/or business name.

60.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.  We have left a message with your corporate office, payroll.  I don't know if you got it yet, but we need to hear from you before the 26th of June 2011.  I can't really help you if you call after that.  Um, Your case number is US630526.  My number's 1-800-504-0277 x. 4719."

61.     The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

62.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I left you a message last week.  Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time.  My

number's 1-800-504-0277 x. 4719, in regards to reference number US630526."

63.     The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

64.     Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M., and at such time, left a voicemail message stating:

> "Good morning.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  It looks like we spoke about, I would say about, 5 weeks ago.  Keep in mind that your deadline is coming up.  We have tried to leave, um, messages at your employer.  I just want you to understand that, um, the payments that we had discussed. You will no longer get them.  You did not call in in time. So.  You have to call in as soon as possible to see what it is that you can qualify for.  And, make sure you do it before your deadline.  The number is 1-800-504-0277 extension 4719 in regards to case number US630526."

65.     The voicemail message left by GC Services on June 29, 2011 at 8:35 A.M. failed to disclose GC Services' true corporate and/or business name.

66.     GC Services violated 15 U.S.C. § 1692d(6) by failing to disclose its true corporate and/or business name in voicemail messages left for Plaintiff.

67.     GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that GC Services violated 15 U.S.C. § 1692d(6);

   b)  Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

   c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(11)

68.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

69.     15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:
>
> *       *       *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

70.     Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message.  *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering

machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

71.     GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M., and at such time, left a voicemail message stating:

> "Hi, Nathan.  This is Randy Gevermule.  Um.  If you could give me a call back at 1-800-504-0227.  I did try and help you and hold off until this moment to try and help you, but I do need you to return my call today at 1-800-504-0227. Uh, Mr. Carrell, you can call me no later than 9:00 p.m. this evening. Good luck guy.  Hi. Set up the garnishment if he doesn't call back before 9:00 tonight. Send the garnishment to Arkansas."

72.     The voicemail message left by GC Services on June 7, 2011 at 3:05 P.M. failed to notify Plaintiff that the communication was from a debt collector.

73.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 7, 2011 at 7:51 P.M., and at such time, left a voicemail message stating:

> "This message is for Nathan.  This is Lisa Chavez.  I need you to return my phone call.  My number's toll-free.  It's 1-800-504-0227 x 4719."

74.     The voicemail message left by GC Services on June 7, 2011 at 7:51 P.M. failed to notify Plaintiff that the communication was from a debt collector.

75.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Nathan Carrell.  This is Lisa Chavez.  I was giving you a courtesy call.  I need to hear from you before the 17th of June 2011.  My number's 1-800-504-0227 x 4719 in

regards to case, US630526.  Unfortunately, I will not be able to help you after that deadline.  Thank you."

76.     The voicemail message left by GC Services on June 10, 2011 at 10:19 A.M. failed to notify Plaintiff that the communication was from a debt collector.

77.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 15, 2011 at 4:09 P.M., and at such time, left a voicemail message stating:

> "[typing]  This message is for Nathan Carrell.  This is Mrs. Chavez.  We spoke with you a couple of weeks ago.  Keep in mind that you have to give us a return phone call.  Our number here is 1-800-504-0277 x. 4719.  It's in regards to case number, US630526."

78.     The voicemail message left by GC Services on June 15, 2011 at 4:09 P.M. failed to notify Plaintiff that the communication was from a debt collector.

79.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.  We have left a message with your corporate office, payroll.  I don't know if you got it yet, but we need to hear from you before the 26th of June 2011.  I can't really help you if you call after that.  Um, Your case number is US630526.  My number's 1-800-504-0277 x. 4719."

80.     The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to notify Plaintiff that the communication was from a debt collector.

81.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M., and at such time, left a voicemail message stating:

> "Hi. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. I left you a message last week. Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time. My number's 1-800-504-0277 x. 4719, in regards to reference number US630526."

82. The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to notify Plaintiff that the communication was from a debt collector.

83. Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M., and at such time, left a voicemail message stating:

> "Good morning. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. It looks like we spoke about, I would say about, 5 weeks ago. Keep in mind that your deadline is coming up. We have tried to leave, um, messages at your employer. I just want you to understand that, um, the payments that we had discussed. You will no longer get them. You did not call in in time. So. You have to call in as soon as possible to see what it is that you can qualify for. And, make sure you do it before your deadline. The number is 1-800-504-0277 extension 4719 in regards to case number US630526."

84. The voicemail message left by GC Services on June 29, 2011 at 8:35 A.M. failed to notify Plaintiff that the communication was from a debt collector.

85. GC Services violated 15 U.S.C. § 1692e(11) by failing to disclose during Communications with Plaintiff that the communications were from a debt collector.

86. GC Financial and DLS are vicariously liable for the acts of GC Services

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(11);

b) Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)

87.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

88.    15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

89.    "It is a violation to send any communication that conveys to the consumer a false sense of urgency." *Leyse v. Corporate Collection Services, Inc*., 2006 WL 2708451 (S.D. N.Y. 2006) (citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097-02 (1988)); *see also Romine v. Diversitied Collection Servs*., 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

90.     GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M., and at such time, left a voicemail message stating:

> "Hi, Nathan.  This is Randy Gevermule.  Um.  If you could give me a call back at 1-800-504-0227.  I did try and help you and hold off until this moment to try and help you, but I do need you to return my call today at 1-800-504-0227. Uh, Mr. Carrell, you can call me no later than 9:00 p.m. this evening. Good luck guy.  Hi. Set up the garnishment if he doesn't call back before 9:00 tonight. Send the garnishment to Arkansas."

91.     In the voicemail message of June 7, 2011 at 3:05 P.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

a.   "I do need you to return my call today";

b.   "you can call me no later than 9:00 p.m. this evening"; and

c.   "Set up the garnishment if he doesn't call back before 9:00 tonight."

92.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Nathan Carrell.  This is Lisa Chavez.  I was giving you a courtesy call.  I need to hear from you before the 17th of June 2011.  My number's 1-800-504-0227 x 4719 in regards to case, US630526.  Unfortunately, I will not be able to help you after that deadline.  Thank you."

93.     In the voicemail message of June 10, 2011 at 10:19 A.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

a.   "I need to hear from you before the 17th of June 2011"; and

b. "Unfortunately, I will not be able to help you after that deadline."

94.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M., and at such time, left a voicemail message stating:

> "Hi. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date. We have left a message with your corporate office, payroll. I don't know if you got it yet, but we need to hear from you before the 26th of June 2011. I can't really help you if you call after that. Um, Your case number is US630526. My number's 1-800-504-0277 x. 4719."

95.     In the voicemail message of June 21, 2011 at 7:11 P.M., GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

a. "I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.";

b. "We have left a message with your corporate office, payroll.";

c. "I don't know if you got it yet, but we need to hear from you before the 26th of June 2011."; and

d. "I can't really help you if you call after that."

96.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M., and at such time, left a voicemail message stating:

> "Hi. This message is for Mr. Nathan Carrell. This is Mrs. Chavez. I left you a message last week. Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time. My number's 1-800-504-0277 x. 4719, in regards to reference number US630526."

97.    In the voicemail message of June 25, 2011, GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

      a.    "I left you a message last week.  Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time."

98.    Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M., and at such time, left a voicemail message stating:

> "Good morning.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  It looks like we spoke about, I would say about, 5 weeks ago.  Keep in mind that your deadline is coming up.  We have tried to leave, um, messages at your employer.  I just want you to understand that, um, the payments that we had discussed. You will no longer get them.  You did not call in in time. So.  You have to call in as soon as possible to see what it is that you can qualify for.  And, make sure you do it before your deadline.  The number is 1-800-504-0277 extension 4719 in regards to case number US630526."

99.    In the voicemail message of June 29, 2011, GC Services conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to, stating:

      a.    "Keep in mind that your deadline is coming up.";

      b.    "We have tried to leave, um, messages at your employer.";

      c.    "I just want you to understand that, um, the payments that we had discussed. You will no longer get them.";

      d.    "You did not call in in time.";

      e.    "You have to call in as soon as possible to see what it is that you can qualify for."; and

     f.   "And, make sure you do it before your deadline."

100.   Voice messages like the voice message employed by GC Services work because they are deceptive; and yet, consumers respond to them — which increases collections and profit, and so GC Services employs them purposefully as a matter of business pattern and practice.

101.   GC Services violated 15 U.S.C. § 1692e(10) by leaving Plaintiff a voice message/voice recording conveying a false sense of urgency and vague enough to provoke a recipient to return the call in haste, but which would deceptively entice a consumer to communicate with a debt collector.

102.   GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that GC Services violated 15 U.S.C. § 1692e(10);

b)   Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV: VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT § 1692g(b)

103.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

104.    15 U.S.C. §1692g(b) provides:

> **If the consumer notifies the debt collector in writing** within the thirty-day period described in subsection (a) of this section **that the debt, or any portion thereof, is disputed**, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt**, or any disputed portion thereof, **until the debt collector obtains verification of the debt or a copy of a judgment**, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. §1692g(b) (emphasis added).

105.    Section 1692g gives debtors the right to dispute a debt and seek verification of the validity thereof within 30 days of receipt of a debt collection letter. 15 U.S.C. §1692g(b).

106.    In connection with collection of an alleged debt in default, GC Services sent Plaintiff an initial written correspondence dated May 16, 2011.

107.    Plaintiff sent GC Services a request for validation letter via certified mail, which GC Services received on June 3, 2011 at 10:20 A.M.

108.    Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M.

109.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 7, 2011 at 7:51 P.M.

110.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M.

111.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 15, 2011 at 4:09 P.M.

112.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M.

113.     Despite receipt of Plaintiff's request for validation, GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M.

114.     Despite receipt of Plaintiff's request for validation, Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M.

115.     GC Services violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff, after having received a written communication from Plaintiff disputing the debt, without having first provided validation of the alleged debt.

116.     GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that GC Services violated 15 U.S.C. § 1692g(b);

b)  Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V: VIOLATION OF
### N.H. Rev. Stat. Ann. § 358-C:3(e)

117.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

118.   N.H. Rev. Stat. Ann. § 358-C:3(e) prohibits the "placement of phone calls without disclosure of the name of the individual making the call and the name of the person (as defined in RSA 358-C:1, X) for whom the debt collector is attempting to collect the debt, or by using a fictitious name while engaging in the collection of debts."

119.   GC Services, via its agent and/or employee "Randy Gevermule," called Plaintiff's cellular telephone on June 7, 2011 at 3:05 P.M., and at such time, left a voicemail message stating:

> "Hi, Nathan.  This is Randy Gevermule.  Um.  If you could give me a call back at 1-800-504-0227.  I did try and help you and hold off until this moment to try and help you, but I do need you to return my call today at 1-800-504-0227. Uh, Mr. Carrell, you can call me no later than 9:00 p.m. this evening. Good luck guy.  Hi. Set up the garnishment if he doesn't call back before 9:00 tonight. Send the garnishment to Arkansas."

120.     The voicemail message left by GC Services on June 7, 2011 at 3:05 P.M. failed to disclose GC Services' true corporate and/or business name.

121.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 7, 2011 at 7:51 P.M., and at such time, left a voicemail message stating:

> "This message is for Nathan. This is Lisa Chavez. I need you to return my phone call. My number's toll-free. It's 1-800-504-0227 x 4719."

122.     The voicemail message left by GC Services on June 7, 2011 at 7:51 P.M. failed to disclose GC Services' true corporate and/or business name.

123.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 10, 2011 at 10:19 A.M., and at such time, left a voicemail message stating:

> "Hi. This message is for Nathan Carrell. This is Lisa Chavez. I was giving you a courtesy call. I need to hear from you before the 17th of June 2011. My number's 1-800-504-0227 x 4719 in regards to case, US630526. Unfortunately, I will not be able to help you after that deadline. Thank you."

124.     The voicemail message left by GC Services on June 10, 2011 at 10:19 A.M. failed to disclose GC Services' true corporate and/or business name.

125.     GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 15, 2011 at 4:09 P.M., and at such time, left a voicemail message stating:

> "[typing] This message is for Nathan Carrell. This is Mrs. Chavez. We spoke with you a couple of weeks ago. Keep in mind that you have to give us a return phone call. Our number here is 1-800-504-0277 x. 4719. It's in regards to case number, US630526."

126.    The voicemail message left by GC Services on June 15, 2011 at 4:09 P.M. failed to disclose GC Services' true corporate and/or business name.

127.    GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 21, 2011 at 7:11 P.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I spoke to you a couple a weeks ago and I told you had to give a call back by a certain date.  We have left a message with your corporate office, payroll.  I don't know if you got it yet, but we need to hear from you before the 26th of June 2011.  I can't really help you if you call after that.  Um, Your case number is US630526.  My number's 1-800-504-0277 x. 4719."

128.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

129.    GC Services, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 25, 2011 at 8:54 A.M., and at such time, left a voicemail message stating:

> "Hi.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  I left you a message last week.  Keep in mind that you have to call me Tuesday at 2:00 p.m. eastern standard time.  My number's 1-800-504-0277 x. 4719, in regards to reference number US630526."

130.    The voicemail message left by GC Services on June 21, 2011 at 7:11 P.M. failed to disclose GC Services' true corporate and/or business name.

131.    Defendant, via its agent and/or employee "Mrs. Chavez," called Plaintiff's cellular telephone on June 29, 2011 at 8:35 A.M., and at such time, left a voicemail message stating:

> "Good morning.  This message is for Mr. Nathan Carrell.  This is Mrs. Chavez.  It looks like we spoke about, I would say about, 5

weeks ago.  Keep in mind that your deadline is coming up.  We have tried to leave, um, messages at your employer.  I just want you to understand that, um, the payments that we had discussed. You will no longer get them.  You did not call in in time. So.  You have to call in as soon as possible to see what it is that you can qualify for.  And, make sure you do it before your deadline.  The number is 1-800-504-0277 extension 4719 in regards to case number US630526."

132.    The voicemail message left by GC Services on June 29, 2011 at 8:35 A.M. failed to disclose GC Services' true corporate and/or business name.

133.    GC Services violated N.H. Rev. Stat. Ann. § 358-C:3(e) by failing to disclosure of the name of the person (as defined in RSA 358-C:1, X) for whom the debt collector is attempting to collect the debt.

134.    GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that GC Services violated N.H. Rev. Stat. Ann. § 358-C:3(e);

   b)   Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

   c)   Awarding Plaintiff statutory damages, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a), in the amount of $200.00;

   d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-C:4(I)(a);

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI: VIOLATION OF**
**N.H. Rev. Stat. Ann. § 358-A**

135.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

136.   N.H. Rev. Stat. Ann. § 358-C:4(VI) provides that "[a]ny violation of the provisions of this chapter shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 . . . ."

137.   GC Services violated Defendants' violated N.H. Rev. Stat. Ann. § 358-C by employing unfair, deceptive or unreasonable collection practices in attempting to collect an alleged debt from the Plaintiff, as detailed above.

138.   GC Services acted intentionally, knowingly, or willfully.

139.   GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that GC Services violated N.H. Rev. Stat. Ann. § 358-A;

b)   Adjudging that GC Services violations were willful or knowing;

c)   Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

d)   Awarding Plaintiff the greater of actual damages or $1,000.00, pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I);

e)   Awarding Plaintiff as much as 3 times, but not less than 2 times, the greater of actual damages or $1,000.00;

f)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action, pursuant to N.H. Rev. Stat. Ann. § 358-A:10(I);

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

140.    Plaintiff is entitled to and hereby demands a trial by jury on all counts.


Respectfully submitted this 14th day of November, 2011.


Respectfully submitted,
**NATHAN CARRELL**


By: /s/ John F. Skinner III
John F. Skinner III
NHBN: 19886
Skinner Law PLLC
ATTORNEYS FOR PLAINTIFF
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
(603) 391-5668
(888) 912-1497 fax
AttorneySkinner@gmail.com